UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEPH L. DEXTER and
SHIRLEY A. DEXTER,

          Plaintiffs,

   v.

FORWARD AIR, INC.,
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., and
THE HERTZ CORPORATION,

          Defendants.

NO. CIV. S 04-2643 MCE KJM

ORDER

----oo0oo----

    The present action involves alleged driver negligence that occurred on a public roadway in Houston, Texas. On December 13, 2003, a tractor-trailer owned by Forward Air, Inc., rear-ended a shuttle van carrying Joseph L. Dexter ("Mr. Dexter"), a pilot for Continental Airlines. (Def's Mot. at 2:6-3:12; Opp'n 2:9-27.) Plaintiffs Joseph L. Dexter and Shirley A. Dexter (collectively "Plaintiffs") filed a negligence action in the Eastern District of California on December 14, 2004. Defendants Forward Air,

1

Inc., Starwood Hotels & Resorts Worldwide, Inc., and The Hertz Corp., (collectively "Defendants") have asked the Court to transfer the case to the Southern District of Texas based upon convenience of the parties and witnesses and a lack of "connection(s)" with the Eastern District of California. For the reasons discussed below, Defendants' motion for change of venue is DENIED.[1]

The present action is before this Court on the basis of diversity jurisdiction. Plaintiffs are citizens of California claiming over $75,000 in damages and Defendants are citizens of other states. 28 U.S.C. § 1332(a). Furthermore, as defined by 28 U.S.C. § 1391(c), all defendants reside in the Eastern District of California (Opp'n at 1:23-26), making the Eastern District of California a proper venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

Under § 1404(a), this Court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotations and citations omitted); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For

---

[1] This matter was deemed suitable for decision without oral argument. Local Rule 78-230(h).

2

example, the court may consider" the following, as applicable: 1) the Plaintiff's choice of forum, 2) respective party contacts with the forum, 3) contacts relating to the Plaintiff's cause of action in the forum, 4) the cost of litigation in either forum, 5) the ease of access to sources of proof, 6) the complexity of the governing law, 7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and finally 8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue. Jones, 211 F.3d at 498.

In this case, the Court finds that the first and third Jones guidelines, i.e., Plaintiffs' choice of forum and the contacts in the forum relating to Plaintiffs' cause of action, are dispositive as to the question of appropriate venue. The first and third guidelines either address or subsume the remaining guidelines, many of which the Court finds to be of little moment given the facts in this case and the convenient flow of information afforded by modern communication systems.

With respect to the first Jones guideline, California is Plaintiffs' choice of forum. The Court affords considerable deference to the general principle that "the plaintiff's choice of forum should rarely be disturbed," especially when evidence and witnesses vital to Plaintiffs' claims are located within the jurisdiction of that forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (superceded by statute on other grounds); Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); Jones, 211 F.3d at 499 (attributing significant weight to the location of "relevant witnesses and other sources of proof" when considering a

3

particular venue).

With respect to the third <u>Jones</u> guideline, in consideration of a potential trial and trial preparation, the Court finds that "more of the relevant witnesses and other sources of proof [are] located in California." <u>Jones</u>, 211 F.3d at 499. Defendants assert that the majority of the liability witnesses are located in Texas (Reply at 3:14-18), while Plaintiffs assert that the majority of the damages witnesses are located in California (Opp'n at 8:9-12). The Court finds that this case turns primarily on a question of damages, rather than a question of liability. Given the basic facts (i.e., that a moving truck rear-ended a stationary vehicle and caused a personal injury), any liability issues will be dramatically overshadowed by the issues pertaining to Plaintiffs' injuries.

Due to the latency of Mr. Dexter's injuries, he only spent a few hours under medical care in Texas before he returned to the Eastern District of California. (Opp'n at 3:2-3.) Consequently, the vast majority of Plaintiffs' diagnosis, treatment, and rehabilitation occurred in Eastern District of California. Not surprisingly, all of the medical personnel who managed Mr. Dexter's care reside in the Eastern District of California. (Opp'n at 3:5-18.) Furthermore, the flight surgeon, whose approval Mr. Dexter needs in order to return to work, lives in the Eastern District of California. (Opp'n at 3:19-24.) Finally, Mr. Dexter's primary care physicians, who may be called as witnesses if Defendants argue the existence of any preexisting medical conditions, are all located in the Eastern District of California. (Opp'n at 3:25-28.)

4

In light of the controlling federal precedent and in the interest of maximizing convenience and fairness, the Court finds that the Eastern District of California is a more appropriate venue than the Southern District of Texas. For the aforementioned reasons, Defendants' motion for change of venue to the Southern District of Texas is DENIED.

**IT IS SO ORDERED.**

DATED: May 24, 2005

_____
**MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE**

5