UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEPH L. DEXTER, an individual, SHIRLEY A. DEXTER, an individual

        Plaintiffs,

   v.

FORWARD AIR, INC., a Tennessee corporation; STARWOOD HOTELS & RESORTS WORLDWIDE, INC., a Maryland corporation; THE HERTZ CORPORATION, a Delaware corporation,

        Defendants.

NO. CIV. S 04-2643 MCE JFM

MEMORANDUM AND ORDER

----oo0oo----

    Through the present action Forward Air, Inc. ("Forward Air") has moved for leave to add a third party, Randall K. Cook ("Cook").  For the reasons set forth below, Forward Air's motion is denied.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

This action arises out of a multi-vehicle rear end collision that occurred in the city of Houston, Texas on December 14, 2003. Immediately prior to the accident, Cook rented a Nissan Altima from Defendant Hertz Corporation ("Hertz"). Upon leaving the rental location and while en route to the Bush International Airport, Cook's right front tire suddenly blew out. Cook was driving in the number 2 lane of a unidirectional on-ramp. He immediately stopped the vehicle, but remained in the lane of travel. Upon Cook's abrupt stop, a taxi, an SUV, and a Sheraton Hotel courtesy/shuttle van were forced to an immediate stop in the same lane behind him. A fourth vehicle, a tractor-trailer owned and operated by Defendant Forward Air, was unable to stop and rear ended the Sheraton van in which Plaintiff Joseph Dexter ("Dexter") was a passenger. Dexter suffered severe injuries in the accident and, on December 14, 2004, he and his wife filed this diversity action seeking compensation for personal injuries and loss of consortium.

Venue and jurisdiction are proper in this Court and a trial date has been set for July 19, 2006. Non-expert discovery is scheduled to conclude no later than January 17, 2006. The present motion was served nearly eight months after Forward Air's complaint was served.

**STANDARD**

Federal Rule of Civil Procedure 14 permits parties to bring a lawsuit against, or "implead," a third party who is not already a party to the lawsuit in order to transfer liability being

2

asserted against it in the underlying lawsuit.  Specifically, Rule 14 provides:

> "At any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.  Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action."

Fed. R. Civ. P. 14(a).

Rule 14 is to be construed liberally in favor of allowing impleader.  <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 393 (1st Cir. 1999).  However, the District Court has broad discretion in determining the propriety of a third-party claim under Rule 14.  <u>See</u> <u>Southwest Admin., Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).  The Court is to consider all relevant factors of each individual case including whether the delay in seeking leave was excusable and whether the delay would prejudice a party.  In addition, the Court does not abuse its discretion by denying an application that will disadvantage an existing action.  <u>Id.</u>

## ANALYSIS

Defendant Forward Air served an answer to Plaintiff's complaint on March 25, 2005.  Forward Air moved to add Cook on November 4, 2005, nearly eight months after service of their original answer.  As set forth above, Rule 14 provides that a

3

1 party may add a third party anytime after commencement of the
2 action except that leave of court is required for attempts to
3 join a third party more than 10 days after service of the
4 original answer.  In addition, this Court's Pretrial Scheduling
5 Order provides that no additional joinder of parties shall be
6 permitted without good cause having been shown.  <u>See</u> Amended
7 Pretrial Sched. Order at 1, August 15, 2005.  Because Forward Air
8 did not seek to add Mr. Cook within ten days of serving its
9 complaint, it must show good cause for seeking to doing so now.
10      Forward Air avers that, through recent deposition testimony,
11 new facts were unearthed giving rise to its need to join Mr. Cook
12 at this late stage in the litigation.  Specifically, Forward Air
13 claims the following are newly discovered facts:  a) Controlling
14 law would have required Mr. Cook to exit the lane of travel if at
15 all possible; b) the curb at the scene was approximately 4 1/2
16 inches in height with a level grassy area immediately opposite
17 the curb; c) all vehicles came to abrupt stops on the day of the
18 accident with some being described as "panic stops."
19      Plaintiffs, together with Defendant Hertz Corporation
20 ("Hertz"), object to Forward Air's motion.  Plaintiffs contend
21 first that Forward Air has made no mention of any potential third
22 party claim despite its numerous previous filings including its
23 Answer, the Joint Status Conference Statement, its Motion for
24 Change of Venue and its objection to this Court's Pretrial
25 Scheduling Order.  In addition, Plaintiffs argue that Forward
26 Air's motion should be denied because the proposed third party
27 complaint fails to indicate any potential or possibility for
28 obtaining personal jurisdiction over Mr. Cook.  Lastly,

4

1  Plaintiffs assert that permitting Forward Air leave to add Mr.
2  Cook will cause them undue hardship as this motion comes on the
3  eve of non-expert discovery cutoff and only six months prior to
4  trial.
5       Hertz' argument mirrors Plaintiff's argument that the Court
6  should deny Forward Air's motion because personal jurisdiction
7  over Mr. Cook does not exist.  In addition, Hertz claims that the
8  facts alleged as newly discovered by Forward Air unquestionably
9  existed at the time of the accident and, therefore, could have
10 been known from the outset.
11      As an initial matter, neither the parties nor the Court have
12 any facts to sustain an argument that personal jurisdiction
13 against Mr. Cook is lacking.  There is no evidence whatsoever
14 regarding his contacts with this forum.  Mr. Cook may have
15 numerous contacts or he may have none at all. Accordingly,
16 personal jurisdiction is an insufficient basis to deny Forward
17 Air's motion.
18      With respect to whether good cause exists because Forward
19 Air only recently unearthed facts that compel it to add Mr. Cook,
20 the Court finds that Forward Air has failed to meet its burden.
21 As noted above, good cause must be shown before the Court will
22 permit Forward Air leave to add Mr. Cook.  Forward Air's argument
23 that it is now privy to facts previously unknown is disingenuous.
24 The height of the curb and the existence of the flat grassy area
25 were clearly known at the moment of the accident as well as at
26 all times thereafter.  A simple observation of the area was all
27 that was required. The suddenness of the stops made by all four
28 vehicles was, likewise, clearly known at the time of the

1  accident.  The Texas Transportation Code section cited by Forward
2  Air as support for its need to add Mr. Cook was enacted in
3  September, 1995, nearly eight years before this accident.
4  Forward Air's attempt to characterize as obscure these fully
5  conspicuous facts is unpersuasive.
6      Lastly, Forward Air has waited until the eve of the non-
7  expert discovery deadline to bring this motion.  Granting Forward
8  Air's motion now could arrest the trial's advancement and result
9  in additional expense to the parties.  These consequences are
10 unacceptable in light of Forward Air's failure to justify its
11 extreme delay.

**CONCLUSION**

15     Forward Air has failed to satisfy its burden of showing good
16 cause for leave to add a third party.  Accordingly, its motion is
17 DENIED.

19 IT IS SO ORDERED.
20 DATED: December 15, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE